United States Bankruptcy Court
Eastern District of Virginia
Alexandria Division

In re:

**Champagne Services, LLC.**     Case No. 16-11683-RGM

Debtor.     Chapter 11

Hearing:  September 27, 2016, at 11:00 am
Courtroom I, 2nd Floor

## Supplemental Objection to Application to Employ Counsel to the Debtor

Comes Now, the United States Trustee, Judy A. Robbins, and files this Supplemental Objection to the Application to Employ Counsel to the Debtor, Thomas K. Plofchan, Jr., and Westlake Legal Group ("Westlake") as counsel for the Debtor.  Westlake failed to disclose all its connections with parties in interest as required by Bankruptcy Rule 2014(a).  Westlake failed to disclose that its fees were being guaranteed by the Debtor's principal, and that Westlake's fees would have to be reaffirmed.  The Application should be denied.

In support of this supplemental objection, the following representations are made:

1. On May 12, 2016, the Debtor, Champage Services, LLC, filed a petition for relief under chapter 7 of the Bankruptcy Code.  Docket No. 1.

2. The petition was signed by Geoff Crawley, Director of Operations. Voluntary Petition for Non-Individuals Filing for Bankruptcy. Docket No. 1, page 4.

3. On June 2, 2016, the Debtor filed an Application to Employ Counsel to the Debtor, Thomas K. Plofchan, Jr. and Westlake Legal Group. Docket No. 14.

4. Accompanying the Application was a Verified Statement signed by Thomas K. Plofchan, Jr. Docket No. 14-1.

5. Among other things, the Verified Statement disclosed that counsel had previously represented the Debtor in various unrelated matters.

6. The Verified Statement also disclosed that counsel had no connections with creditors and other parties in interest.

7. On June 17, 2016, the United States Trustee filed a Response to Application to Employ Counsel to the Debtor. Docket No. 16.

8. Among other things, the Response stated "[I]f the Applicant and the Debtor have entered into a retainer agreement, the retainer agreement should be filed in accordance with full disclosure."

9. No retainer agreement was filed.

10. On July 21, 2016, the United States Trustee filed a Notice of Objection and Notice of Hearing for the Application to Approve the Employment of Thomas K. Plofchan, Jr. and Westlake Legal Group.

11. The hearing was scheduled for September 6, 2016. Docket No. 26.

12. A hearing was held on September 6, 2016.

13. The employment of Thomas K. Polfchan, Jr. and Westlake Legal Group was approved upon Unted States Trustee review of the retainer agreement. Docket No. 38.

14. On September 7, 2016, Westlake Legal Group e-mailed to the United States Trustee the retainer agreement.

15. The United States Trustee has reviewed the retainer agreement.

16. Not disclosed in the Verified Statement but in the retainer agreement are the following provisions:

(A) The Debtor Designee, Geoff Crawley, is a guarantor for the fees of Debtor. page 1, retainer agreement.

(B) The Debtor Designee, Geoff Crawley, is a codebtor of the Debtor. Schedule H, No. 2.1-2.4, Docket No. 1, page 18.

(C) The Debtor Designee, Geoff Crawley, received $167,088 within one year of the filing. Statement of Financial Affairs, Docket No. 1, page 21.

(D) "Client [Debtor] and Guarantor [Debtor Designee] hereby irrevocably guarantees that the Client shall not declare the Firm [Westlake] as a creditor in any possible bankruptcy proceeding and that the obligation for payment of any fees shall be reaffirmed after any discharge in bankruptcy." ¶ 16, page 8, retainer agreement.

(E) "Client and Guarantor hereby grant us a lien on any and all claims or causes of action that are subject to our representation under this Agreement. Our lien will be for any and all sums owing to us. The lien will attach to any

recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise. ¶ 17, page 8, retainer agreement.

17. Bankruptcy Rule 2014(a) states, in part:

> The [employment] application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, *all of the person's connections* with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee or any person employed in the office of the United States trustee.
>
> (emphasis added)

18. The failure to disclose all connections pursuant to Section 327(a) is a serious omission and undermines the integrity of the bankruptcy process. As one court stated:

> "Published bankruptcy court decisions are quite consistent in requiring that debtors-in-possession and their attorneys, whose employment is sought to be approved, be meticulous in disclosing 'all connections' with the debtor and other parties in interest, the failure to do so justifying a court's taking significant punitive or corrective action." *In re Byington,* 454 B.R. 648, 657 (Bankr.W.D.Va.2011); *see also In re Dickson Prop. ., LLC,* 2012 WL 2026760, at *8 (E.D. Va. June 5, 2012) ("Bankruptcy Rule 2014 disclosure is not optional; it's mandatory."); *In re Matco Elec. Group, Inc.,* 383 B.R. 848, 853 (Bankr.N.D.N.Y.2008) ("It is also apparent that the obligation to disclose is not a subjective one, whereby the professional discloses only those 'connections' that he/she/it concludes are relevant."); *In re Granite Partners, L.P.,* 219 B.R. 22, 35 (Bankr.S.D.N.Y.1998) (noting a bankruptcy court "relies primarily on forthright disclosure to determine qualification under section 327" and "should not have to rummage through files or conduct independent factfinding investigations to determine if the professional is disqualified") (internal quotation marks and citation omitted)).

> *In re Biddle*, No. CA 12-05171-DD, 2012 WL 6093926, at *4 (Bankr. D.S.C. Dec. 6, 2012)

19. As this Court stated in *Gordon Properties*:

   > One critical aspect of small corporate cases is that the owners understand the difference between their personal interests and the interests of the debtor. In this case, that can best be achieved by separate counsel. It is true that the owners will make the decisions for the debtor in their capacity as managers of the limited liability company, but requiring separate counsel enables each counsel to give candid advice in light of the client he represents and not be concerned or affected by the competing roles the owners have in the case. In the end, if the owners cannot distinguish between their roles as individual owners or creditors and as managers of a debtor in possession, the appropriate remedy is the appointment of a chapter 11 trustee or conversion of the case to chapter 7
   >
   > *In re Gordon Properties, LLC*, 504 B.R. 807, 815 (Bankr. E.D. Va. 2013)

20. In the present case, Westlake is not representing the Debtor Designee, but its fees are being guaranteed by the Debtor Designee. This connection hinders the required independence and undivided loyalty of Debtor's counsel. More importantly, this connection should have been disclosed.

21. The reaffirmations provisions in the retainer agreement are a concern of the United States Trustee.

22. Section 524(c) of the Code permits a debtor to reaffirm personal liability for prepetition debt. The statute applies equally to individual and corporate

debtors. *In re American Rice, Inc.* 448 Fed. Appx. 415, Bank. L. Rep. (CCH) P 82084 (5th Cir. 2011)

23. The reaffirmation rules are intended to protect debtors from compromising their fresh start.

24. The retainer agreement's mandate that the Debtor and the guarantor reaffirm Westlake's fees is troubling.

Wherefore, the United States Trustee moves the Court to deny the employment application of Westlake.

>Judy A. Robbins
>United States Trustee
>
>/s/  Jack Frankel
>Jack Frankel, Attorney
>Office of United States Trustee
>115 S Union Street
>Alexandria, VA 22314
>(703) 557-7229

## Certificate of Service

I hereby certify that on the 15th day of September, 2016, I e-mailed a copy of this supplemental objection and notice of hearing to wlawrimore@westlakelegal.com.

>/s/  Jack Frankel