# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

CHAMPAGNE SERVICES, LLC,

    Debtor.

Case No. 16-11683-RGM
(Chapter 11)

## MEMORANDUM OPINION

This case was before the court on the debtor's application to employ counsel (Docket Entry 14), the United States trustee's responses and supplemental objection (Docket Entries 16, 25 and 42) and the debtor's response (Docket Entry 45). The application will be denied without prejudice.

### The Employment Application and the Retainer Agreement

The debtor filed an application to employ counsel and his law firm. The Verified Statement signed by proposed counsel stated that there were no connections between proposed counsel and the creditors, parties in interest, their respective attorneys and accountants, or the United States trustee. However, he stated that the law firm had previously represented the debtor in various unrelated matters such as "defense of warrant in debt, demand letters and employment disputes." Verified Statement at ¶¶1-3. The United States trustee replied that the Verified Statement should "disclose the status of the prior litigation, dates when the representations occurred, and the amount of money paid" for the matters. In addition, the United States trustee asked that the retainer agreement be filed with the court. The debtor did not file any additional disclosures or the retainer agreement but provided the United States trustee with additional information about the prior engagements. At the

1

conclusion of the hearing on the application, the court was satisfied that the prior representations did create actual conflicts of interest and announced that it would approve the employment application if the debtor filed the retainer agreement and the United States trustee had no further objections.

The debtor emailed a copy of the retainer agreement to the United States trustee but did not file it with the court. After reviewing the retainer agreement, the United States trustee filed additional objections and attached the 16-page retainer agreement as an exhibit. The United States trustee noted that Geoff Crawley, the debtor's sole owner, guaranteed proposed counsel's fees; that Mr. Crawley was a codebtor on various corporate debts; and that Mr. Crawley was paid $167,088 within one year prior to the filing of the petition in this case. The retainer agreement also contained two provisions of concern to the United State trustee. The United States trustee set them out in her objection:

> (D) "Client [Debtor] and Guarantor [Mr. Crawley] hereby irrevocably guarantee that the Client shall not declare the Firm as a creditor in any possible bankruptcy proceeding and that the obligation for payment of any fees shall be reaffirmed after any discharge in bankruptcy." ¶ 16, page 8, retainer agreement.
>
> (E) "Client and Guarantor hereby grant us a lien on any and all claims or causes of action that are subject to our representation under this Agreement. Our lien will be for any and all sums owing to us. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement or otherwise." ¶ 17, page 8, retainer agreement.

Retainer Agreement at ¶¶16-17.

The debtor, in response to the United States trustee's new objections, argued that the personal guarantee of the sole member of the debtor was not a *per se* conflict that disqualified counsel and that there was no actual conflict of interest. At the hearing on the objections, proposed counsel

confirmed that Mr. Crawley was the sole member of the debtor limited liability company. *See also* Statement of Financial Affairs at ¶28.

The court raised additional concerns with the employment application and the retainer agreement. The employment application stated that the debtor paid an initial retainer to proposed counsel of $2,000 "for legal services in this case and for the filing fee and other anticipated expenses." Application at ¶3. However, the retainer agreement stated that the debtor would pay a retainer of $96.25. Retainer Agreement at ¶7. Proposed counsel's Rule 2014 Disclosure of Compensation of Attorney for Debtor stated that the agreed retainer was $10,000 of which $3,500 had been paid. The debtor's Statement of Financial Affairs stated that there were no payments made within the year preceding the filing of the petition related to bankruptcy. Statement of Financial Affairs at ¶11.[1]

There were other concerns with the retainer agreement. It proposed to pay counsel travel time on a "portal to portal" basis. While the court understands proposed counsel's concern, the established protocol in this court is to pay travel time at one-half counsel's hourly rate. There was no disclosure of the proposed departure from the protocol in the employment application.

The retainer agreement provided that services would be charged in minimum increments of one-quarter of an hour. There was no disclosure of this in the employment application. In this court, the minimum increment is one-tenth of an hour. *In re Computer Learning Centers, Inc.,* 285 B.R.

---

[1]Paragraph 11 states:

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

191, 214 (Bank.E.D.Va. 2002). There are other minimum fees, such as one hour for any appearance outside the office; one-quarter hour for any telephone call; one-quarter hour for any email; and one-half an hour for any motion or order except an initial pleading for which there is a minimum of one hour. There are two hourly rates for counsel – one for out-of-court work and the other for trial work. Dual rate structures are not generally allowed. *Id.* at 217-18.

The retainer agreement required an additional trial deposit within one week after the debtor is notified of the amount if it appears that a matter will proceed to trial. "If the trial deposit is not made within ten (10) days from the date of notification, or at least ten (10) days before trial, you understand and agree that the Firm will withdraw as counsel of record." Retainer Agreement at ¶8.

The retainer agreement granted proposed counsel a lien. It also asserted an attorney's lien on "the cause of action for the fees incurred and owed by the Client to the Firm, against assets, marital property, spousal support and/or child support." *Id.* at ¶19. "If the Firm collects any funds on behalf of the Client, said funds will be used to pay the Client's current account balance with the Firm, if any. The remainder, if any, will be turned over to the Client." *Id.* at ¶20. There is a confession of judgment provision. *Id.* at ¶14.

The retainer agreement provided that proposed counsel would recover his attorney's fees in any collection matter, even if proposed counsel represents himself. The attorney's fees will not be less than 33% of all monies due to proposed counsel. *See Baker Botts LLP vs. ASARCO LLC,* ___U.S. ___, 135 S. Ct. 2158 (2015). Interest will be charged at the rate of 18% per annum. Retainer Agreement at ¶7.

Monthly invoices were to be emailed to the debtor and proposed counsel could withdraw from the case if payment is not made within 10 days of billing. *Id.* at ¶12. If a billing is not disputed

in writing within thirty days after receipt, it "will be presumed to be correct and fair." *Id.* at ¶10.

The retainer agreement contains a five-page bankruptcy addendum. It sets out the fees in chapter 7, 11 and13 cases, the fee in a chapter 11 case being a retainer of $3,500 against an hourly rate. Otherwise, it provides information about the documentation the debtor would need to provide, and the caution that "All assets and all liabilities are required to be completely and accurately disclosed." Addendum at 4.

The retainer agreement was signed by Mr. Crawley on May 5, 2016, and proposed counsel on May 12, 2016, the day the petition was filed.

The debtor's schedules reflect that Mr. Crawley is a codebtor on the largest debts and is likely a responsible party for substantial federal withholding taxes. The schedules list him as a codebtor on four debts. Schedule H. The debts are listed on Schedule E/F as unsecured claims, but on the Statement of Financial Affairs two are listed as secured. Statement of Financial Affairs at ¶3, "Certain Payments or Transfers to Creditors Within 90 Days Before Filing this Case."

## Discussion

There is no *per se* rule prohibiting debtor's counsel's fee being paid by or guaranteed by a third party. The question is whether there is an actual conflict of interest. *Harold & Williams Dev. Co. United States Trustee (In re Harold & Williams Dev. Co.),* 977 F.2d 906, 909-10 (4th Cir. 1992); *In re Pinebrook, LLC,* 441 B.R. 67 (Bankr.E.D.Va. 2009); *In re Palumbo Family Ltd. P'ship,* 182 B.R. 447 (Bankr.E.D.Va. 1995); *In re Huntmar Beaumeade I Ltd. P'ship,* 127 B.R. 363 (Bankr.E.D.Va. 1991). The rule was discussed in *In re Johnson,* 312 B.R. 810 (E.D.Va. 2004). The District Court stated:

> Section 327 governs bankruptcy court approval of a trustee's employment of attorneys and other professionals. This provision is intended to ensure "that all professionals . . . tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities." *Rome v. Braunstein,* 19 F.3d 54, 58 (1st Cir.1994). And while the provision accords the bankruptcy court broad discretion in approving the employment of professionals, §327(a) makes clear, as a general rule, that a trustee may employ, and the bankruptcy court may approve, the employment of an attorney or other professional person only if that individual or firm (I) does not hold or represent an interest adverse to the estate and (ii) is disinterested. 11 U.S.C. §327(a); *In re Harold & Williams Dev't. Co.,* 977 F.2d at 909. This is a stringent standard. Yet, §327(c), which governs the employment of an attorney or professional who represents a creditor, creates a limited exception to this general rule. Pursuant to that provision, an attorney who represents a creditor is validly employed by the trustee provided that there is no "actual conflict of interest" between the attorney's representation of the creditor and his representation of the trustee. *See* 11 U.S.C. § 327(c); *In re Interwest Bus. Equip., Inc.,* 23 F.3d 311, 316 (10th Cir.1994) ("[T]he bankruptcy judge can disqualify a professional *solely* on the basis of simultaneous representation, *if* it finds the joint representation creates an actual conflict.") (emphases in original). Thus, where a trustee employs a professional who represents a creditor, the stringent two-pronged test set forth in §327(a) does not apply. Put differently, a trustee may employ a creditor's attorney under §327(c) provided the dual representation presents no actual conflict of interest. And, this is so even if there exists a potential conflict of interest or an appearance of a conflict of interest that would otherwise disqualify the attorney from employment under §327(a).

*Id.* at 818-20 (footnotes omitted).

The difficulty with this employment application is that it does not provide sufficient facts to enable a creditor or the United States trustee to determine whether there is an actual conflict of interest. The retainer agreement should have been filed with the employment application and the connections between Mr. Crawley and the debtor should have been disclosed and discussed. The application should have disclosed whether the law firm represented Mr. Crawley in the past or when the application was filed and the nature of the representation. The burden is on the proponent of the application to show that proposed counsel satisfies all requirements, including that he is disinterested. It is not the United States trustee's burden to show that he is not disinterested.

Because the application for employment was incomplete and failed to show proposed counsel is disinterested, it will not be approved.

The employment application would be denied in any event because the terms of the engagement are wholly unacceptable in the chapter 11 case. The offending terms are not disclosed in the application and but for the diligence of the United States trustee would not have become known. The danger, of course, is that when counsel files his fee application, the application could easily be denied for failure to make full disclosure. Certainly counsel's expectations would not be met. The quarter-hour and other minimum charges, for example, would not be honored.

Other terms are clearly not acceptable. Superpriority and liens on debtors' assets require specific approval. It is not appropriate or permissible for them to simply be set out in a retainer agreement and not specifically disclosed in the application.

The proposed billing practices are unacceptable. While informational billings to debtors are encouraged so that debtors are aware of the cost of the proceedings as they develop, counsel must be careful to advise the debtor with each draft billing invoice that it is a draft, that it is for informational purposes only, and that it is not to be paid except upon court order. The provisions for additional retainers need to be specifically set out in the employment application.

There is no automatic withdrawal of counsel when counsel has made an appearance in a court case. Withdrawal is only permitted by leave of court and for cause. While non-payment may be cause, the retainer agreement gives the false impression that counsel may withdraw without any other action, such as court approval. As drafted, the retainer agreement may mislead clients and may induce them to take actions that may be inappropriate.

The most egregious portion of the retainer agreement is paragraph 16. It provides that neither the client nor Mr. Crawley will list the law firm as a creditor in any bankruptcy proceeding and that they will reaffirm any fee that it has that may be discharged in bankruptcy. Counsel knows better. In fact, his bankruptcy addendum to the retainer agreement states that "[a]ll . . . liabilities are required to be completely and accurately disclosed in the documents filed." Addendum at 4. All bankruptcy schedules are filed under oath. A debtor may not pick and choose which creditors to list. He may not knowingly omit creditors. Advising otherwise puts the client at risk. Even if counsel is aware that such a provision is void and unenforceable, it is misleading to clients and may harm them. If they comply with the terms of the retainer agreement they run the risk of being denied a discharge for having filed false schedules. And, it will look fairly strange, if counsel submitted a reaffirmation agreement for his fees which were not scheduled by the debtor. This provision is always wrong. It should not appear in any retainer agreement, whether for bankruptcy or non-bankruptcy employment.

There are two basic problems in this case. First, counsel has one retainer agreement that is intended, with an addendum, to fit every case. One size does not fit all. He should abandon that notion and draft bankruptcy-specific retainer agreements. The retainer agreements should reflect the requirements of the specific case sought to be filed and be complete enough to cover conversions from one chapter to another. Second, there was a wholesale failure to make full disclosure of connections and the terms of the engagement. The retainer agreement was not attached to the employment application and terms differing from customary terms were not set out, highlighted or discussed in the application.

**Conclusion**

The application for employment will be denied without prejudice. The debtor, if it wishes to continue with proposed counsel, will have the opportunity to file a proper employment application. Counsel, however, should be aware that this application has been denied because counsel failed to prepare a proper employment application, to make full disclosure and to have a retainer agreement with reasonable terms. While the court is generally liberal in allowing employment applications to be effective as of the petition date, counsel should not rely on that in this instance. A new employment application should be filed immediately.

Alexandria, Virginia
October 6, 2016

      /s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

19263