IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



In Re:

CHAMPAGNE SERVICES, LLC,

Case No. 16-11683-RGM

Chapter 11

Debtor

# OMNIBUS MOTION TO DISALLOW STAY EXTENSION AND CONVERT CASE FROM CHAPTER 11 TO CHAPTER 7

COMES NOW David J. Kiser, presenting this motion pro se as a Creditor of Champagne Services, LLC. I am not a lawyer. A lawyer did not prepare this motion on my behalf. This Creditor moves this Court to reject and disallow the motion by Champagne Services, LLC for a Stay Extension pursuant to 11U.S.C. §1121. This Creditor also moves this Court pursuant to 11 U.S.C. §1112 to convert from Chapter 11 to Chapter 7 the filing of Champagne Services, LLC with this Court.

## BACKGROUND

1. Before and after Geoff Crawley purchased the business known as Champagne Services it has been discovered he has engaged in deceptive practices that ultimately resulted in Champagne Services, LLC filing of Chapter 11 Bankruptcy with this Court.

2. Geoff Crawley has been a close personal friend to this Creditor and his family for more than twenty years. Geoff has worked with and for this Creditor on three occasions over those twenty years. This Creditor considered him like a Son in many ways. Geoff and his wife, Dawn, have

asked if he secured the funding for the purchase from his brother-in-law, Brian Nesmith. Others include drafting and remitting checks with scienter and not being able to cover them for months.

9. Under severe financial stress Geoff terminated key people just a few months after purchasing the business and having just hired them.

10. After Geoff was discovered by his wife and this Creditor, procuring loans from predatory lenders he promised to stop. He did not. He continued despite his assurance otherwise.

11. While in financial default with this Creditor on two Agreements, Geoff made false allegations disparaging this Creditor and used them as a reason to not continue payments. Yet, he continued to pay one. Regarding the other, Geoff has proposed three offers to replace the one in force. The most recent was September 29, 2016 with a clarification October 22, 2016.

12. Employees at Champagne Services, LLC were asked to hold their pay checks due to a lack of cash as recently as October 2016.

13. Geoff Crawley and Insiders take an extremely significant amount in salary, reimbursements and advances that distress the business.

14. Between 8-13-2016 and 8-31-2016 Dawn Crawley (Geoff's wife) was reimbursed for mileage in the amount of $2273.29. At rates stated by the IRS for 2016 (54 cents per mile for business purposes only) that amounts to 4,209.79 miles. In thirteen business days that amounts to 323.83 miles daily. Yet, she was in Myrtle Beach.

15. The Balance Sheet has not improved remarkably since the initial filing. Profits are marginal and sporadic. Revenue is has been flat and experienced no growth since this Creditor owned the business.

asked if he secured the funding for the purchase from his brother-in-law, Brian Nesmith. Others include drafting and remitting checks with scienter and not being able to cover them for months.

9. Under severe financial stress Geoff terminated key people just a few months after purchasing the business and having just hired them.

10. After Geoff was discovered by his wife and this Creditor, procuring loans from predatory lenders he promised to stop. He did not. He continued despite his assurance otherwise.

11. While in financial default with this Creditor on two Agreements, Geoff made false allegations disparaging this Creditor and used them as a reason to not continue payments. Yet, he continued to pay one. Regarding the other, Geoff has proposed three offers to replace the one in force. The most recent was September 29, 2016 with a clarification October 22, 2016.

12. Employees at Champagne Services, LLC were asked to hold their pay checks due to a lack of cash as recently as October 2016.

13. Geoff Crawley and Insiders take an extremely significant amount in salary, reimbursements and advances that distress the business.

14. Between 8-13-2016 and 8-31-2016 Dawn Crawley (Geoff's wife) was reimbursed for mileage in the amount of $2273.29. At rates stated by the IRS for 2016 (54 cents per mile for business purposes only) that amounts to 4,209.79 miles. In thirteen business days that amounts to 323.83 miles daily. Yet, she was in Myrtle Beach.

15. The Balance Sheet has not improved remarkably since the initial filing. Profits are marginal and sporadic. Revenue is has been flat and experienced no growth since this Creditor owned the business.

16. Champagne Services, LLC has not been able to capture even a small portion of growth in the geographic area it serves. Since the Debtor has been in business there have been hundreds of new homes sold and occupied over $500,000 in value. There have been thousands of new apartment and condominium units occupied as well.

17. This Creditor believes that if the financial goals Geoff made had been realized there would be no bankruptcy filing and no dispute with this Creditor. Unfortunately, after a careful review of Monthly Operational Reports, having intimate knowledge of Champagne Services, conferring with the U.S. Trustee as well as other factors this Creditor concludes the preponderance of evidence should move the Court to disallow the Stay Extension and convert the filing to Chapter 7.

## OMISSIONS

18. In the initial filing of Chapter 11 on May 12, 2016 by Champagne Services, LLC, the Debtor did not list this Creditor. In the words of the U.S. Trustee, this Creditor is by far the largest Creditor in this case.

19. In the 341 Meeting of Creditors Geoff was not truthful or forthright. Geoff and his Counsel was admonished by the U.S. Trustee that even disputed claims had to be listed. The U.S. Trustee verified in the 341 Meeting that this Creditor's claim was never resolved and that it was a legitimate claim even though it may be in dispute. Geoff was directed to provide all Agreements to the U.S. Trustee as listed in Number 4 of this Motion.

20. Geoff Crawley did amend the Schedule of Listed Creditors to include this Creditor. The amount he listed was $0.00. That is not true. The amount totals almost $800,000 and is documented in the Agreements provided to the U.S. Trustee. Proof of Claims filed with this Court, UCC Filing with the Commonwealth of Virginia and many letters, invoices and emails

to the Debtor verify the claim. Despite Remedy provisions in the Agreements this Creditor's claims have never been contested in this Court or in State Court. In fact, Geoff keeps submitting offers to replace the prevailing Agreement.

21. The Debtor has not complied with the obligations of a Debtor pursuant to the F.R.B.P. Rule 2019 and 11 U.S.C. § 1116.

## NO GROUNDS FOR A STAY EXTENSION

1. Gross Mismanagement and Omissions do not make a good foundation for a Stay Extension.

2. Extending a Stay requires Preponderance of Evidence to support a likelihood that a Plan would be approved by the Court. The evidence does not exist.

3. The Debtor would continue as a Debtor in Possession of the estate. This Creditor has good reason to believe the estate will diminish in value the longer it stays in Bankruptcy.

## CONCLUSION

1. Bankruptcy is for honest people who experience some unforeseen occurrence or make an honest mistake and need relief to continue on without over burdensome debt.

2. Geoff Crawley was entrusted with a business he purchased but never paid the mutually agree consideration. He induced this Creditor and others with false statements and deceptive practices, including his wife, to trust him and let him "be the man" and steer the ship.

3. The ship known as Champagne Services, LLC cannot be restored. The assets are not producing enough to address the debt obligations. Organic growth alone will not meet the need. No financing is in the equation. No M/A possibilities exist. The assets are not of any significant value to the Creditors.

4. This Creditor understands and appreciates the Debtor in Possession is currently without Counsel. Counsel will not provide financing or find merger candidates. Counsel will not change the history of Gross Mismanagement or Omissions or the possibility of more by the Debtor.

5. A Stay Extension will not serve the Estate, the Creditors and certainly not the Public.

6. A conversion to Chapter 7 appears to this Creditor to be the choice of wisdom.

WHEREFORE, this Creditor prays, this Court will enter an Order rejecting the Motion for an Extension of the Stay.

WHEREFORE this Creditor also prays, this Court will enter an Order of Conversion from Chapter 11 to 7 for just "cause" pursuant to 11 U.S.C. § 1112.

Appearing before this Court on November 15, 2016, this Creditor received a docket date for Hearing these matters as given by Judge Mayer of November 29, 2016 at 11am.

Respectfully submitted,

David Kiser
104 Magnolia Road
Sterling, VA 20164
(571)215-1601

## CERTIFICATE OF SERVICE

I, David J. Kiser, a Creditor, pro se and without the assistance of an attorney or someone providing legal advice or counsel, verify that a true copy of the Omnibus Motion to Disallow the Stay Extension and to Convert this case from Chapter 11 to chapter 7 was mailed first class, postage pre-paid on November 16, 2016 to all Creditors and parties of Interest in the Case of Champagne Services, LLC. The mailing list used was compiled as listed below based on filings of the Debtor and Court records.

Signed

*[signature]*

David J. Kiser
November 11, 2016

## MAILING LIST

Tyler, Bartl, Ramsdell & Counts, P.L.C.
300 N. Washington St., Suite 202
Alexandria, VA 22314

Geoff Crawley
1329 Shepard Drive Suite 5
Sterling, VA 20164

Geoff Crawley
16869 Ivandale Road
Hamilton, VA 20158

Champagne Services, LLC
1329 Shepard Dr., Suite 5
Sterling, VA 20164

Accord Business Funding
3730 Kirby Drive, Suite 720
Houston, TX 77098

Pearl Capital
100 William Street, 9th Floor
New York, NY 10038

Pleasant Properties
905 Monroe Street
Herndon, VA 20170

Can Capital Asset Servicing
155 North 400 West Suite 315
Salt Lake City, UT 84103

County of Loudoun
1 Harrison Street SE 1st Floor
Leesburg, VA 20175

Web Bank
c/o Can Capitol Asset Servicing
155 North 400 West, Suite 315
Salt Lake City, UT 84103

IRS
P. O. Box 7346
Philadelphia, PA 19101

Westlake Legal Group
46175 Westlake Drive, #320
Sterling, VA 20165

Loan Me
1900 S. State College Blvd., Suite 300
Anaheim, CA 92806

U.S. Securities and Exchange Commission
Office of Reorganization
900 East Paces Ferry Road N.E.
Suite 900
Atlanta, GA 30326

U. S. Trustee
115 South Union Street
Plaza Level Suite 210
Alexandria, VA 22314

Wex Bank
P.O. Box 6293
Carol Stream, IL 60197

The Hartford
P.O. Box 660916
Dallas, TX 75266

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
_Alexandria's_ Division

In re: _Champagne Services, LLC_    Case No. _16-11683-RGM_
                                     Chapter _11_
   Debtor(s)

Plaintiff(s)                         Adversary Proceeding No.
v.

Defendant(s)

**CERTIFICATION UNDER LOCAL BANKRUPTCY RULE 2090-1**

Document Title: _Omnibus Motion To Disallow Stay Extension and Convert Case From Chapter 11 to Chapter 7_
Date Document Filed: _11/16/16_
Docket Entry No.

I declare under penalty of perjury that (Check one box):

☒ No attorney has prepared, or assisted in the preparation of this document.

☐ The following attorney prepared or assisted in the preparation of this document.

_____
(Name of Attorney)

_____
(Address of Attorney)

_____
(Telephone Number of Attorney)

_David J. Kiser_
Name of Pro Se Party (Print or Type)

_[signature]_
Signature of Pro Se Party

Executed on: _11-16-2016_ (Date)

[2090edva ver. 12/15]